# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

PEGGY L. HAMBY,

              Plaintiff,

vs.

MICHAEL J. ASTRUE,[1]
Commissioner,
Social Security Administration,

              Defendant.

Case No. 05-CV-609-FHM

## ORDER

Plaintiff, Peggy L. Hamby, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## STANDARD OF REVIEW

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

---

[1] Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Commissioner of Social Security Administration, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's June 21, 2001, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held November 26, 2002. Plaintiff appealed that decision to the district court, and received a remand.
    A hearing on remand was held June 16, 2005 before ALJ Gene M. Kelly. By decision dated August 18, 2005, the ALJ entered the findings that are the subject of this appeal.

26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **BACKGROUND**

Plaintiff was born May 25, 1951, and was 53 years old at the time of the hearing. She has a high school education and 3 years of college education and formerly worked as janitor, telephone sales person, and data entry.  She claims to have been unable to work since December 31, 1997, as a result of obesity, high blood pressure, arthritis, nerves, kidney problems and phahghitis.  The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform a wide range of sedentary work activity to include lifting and carrying 10 pounds, standing or walking 2 hours of an 8-hour workday and sitting 6 hours of an 8-hour work day.  The ALJ determined that Plaintiff could return to her former sedentary work.  Alternatively, based on the testimony of the vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was therefore decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled, and contains an

alternative finding at step five.  See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five steps in detail).

## PLAINTIFF'S CLAIMS

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.  Specifically, Plaintiff argues that the ALJ: failed to properly assess her residual functional capacity (RFC); erred in finding she could perform her past relevant work; failed to properly evaluate her credibility; and erred in finding she could perform other work in the economy.  The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence.  Therefore the Commissioner's denial of benefits is AFFIRMED.

## ANALYSIS

### RFC Assessment

It is not accurate to say, as Plaintiff does, that nothing in the evidence supports the ALJ's finding that Plaintiff could walk or stand for up to two hours in an eight-hour work day. [Dkt. 18, p. 7].[3]  The record contains a questionnaire submitted to and completed by Dr. Nancy Williams. Dr. Williams reviewed the medical records from Plaintiff's treating physician and was asked:

> Do you believe that Ms. Hamby would be able to perform work including sedentary work with being on her feet two hours out of an eight hour day and sitting for six hours and be able to perform such work for eight hours a day on a forty hour work week basis on a consistent basis or would she require special

---

[3] Citations to parties' briefing reflects the page number assigned by the CM-ECF docketing system, since the CM-ECF system counts unnumbered cover pages and preliminary pages (i, ii, etc.) the docket reference may not necessarily be the same as the page number printed at the bottom of the document.

> accommodation for having to lie down and rest during any part of an eight hour day?

In answer, Dr. Williams wrote "yes, and no." *Id.* The question has two parts. The first part essentially asks whether the doctor believes Plaintiff would be able to perform sedentary work on a consistent basis, to which Dr. Williams answered yes. The second part of the quoted question asks whether Plaintiff would require special accommodation from her employer to enable her to lie and rest. Dr. Williams answered no. These answers are consistent with Dr. Williams' response to a previous question about the number of days per month exacerbations of Plaintiff's impairments would preclude her from working. Dr. Williams answered "never or about one day per month." *Id.,* question no. 9. Concerning Plaintiff's claim that she suffers from drowsiness as a result of her conditions and medications, Dr. Williams answered no to the following question:

> Ms. Hamby has also complained of being tired and having to nap during the day from anywhere to two to three hours. Is this consistent with her medical conditions (mitral insufficiency, hypertension, or the side affects [sic] of any medications that she is taking)?

[R. 416].

Plaintiff also argues the ALJ failed to consider her need to use a hand-held assistive device (cane) while walking or standing. The only reference to the record Plaintiff provided concerning prescribed use of a cane is to page 54 of the record, which is Plaintiff's own testimony. [Dkt. 18, p. 8]. The Court found no mention in the medical record of any physician recommending use of a cane.

Plaintiff argues the ALJ failed to include limitations related to her headaches. She points to page 315 of the record wherein her physician characterized her headaches as

"daily and chronic." Plaintiff's physician did make that statement on September 12, 2001. However, review of the medical records dating from November 1997 to September 2004, reveals many entries with no mention made of headaches and some mention the absence of headaches. Reading the record as a whole, it appears that Plaintiff's headaches are sporadic.[4]  Further, a notable contrast to Plaintiff's testimony is found in the records provided by Dr. Williams. On May 19, 2005, on an initial intake record, Plaintiff indicated that she had not had bad headaches recently, [R. 419], a fact noted by Dr. Williams. [R. 416].

The ALJ did not err in failing to include RFC limitations related to the need to frequently use the restroom. Although Plaintiff testified to having frequent diarrhea, there is no mention anywhere in the medical record of frequent diarrhea. In fact, on August 3, 2001, Plaintiff denied diarrhea to the consultative examiner. [R. 259]. In addition, Plaintiff answered "no" to the question whether she had frequent loose stool or diarrhea in the initial intake questions she completed for Dr. Williams. [R. 418]. On the same form, Plaintiff indicated she had to frequently urinate, and the medical record reflects that she does have a kidney condition. However, although the medical record reflects a variety of complaints, aside from a period between May 2000 and January 2001 where the medical records address removal of kidney stones, [R. 150-179], there are no complaints of urinary frequency reflected in the medical records.

---

[4]  On December 18, 1998, the record reflects headache started two and a half weeks ago and that Plaintiff had an elevated temperature and cold symptoms [R. 214]; on March 19, 1999 Plaintiff reported no headache [R.223]; on September 9, 1999, she reported headache [R.204]; on October 13, 1999 she denied migraines [R. 147]. On October 17, and November 3, 2000 she complained of headache [R. 196, 194];on September 12 and October 22, 2001 complaints of headaches were recorded [R. 315, 313]; and again on May 1, 2002 [R. 307].

Referring to an echocardiogram, Dr. Williams also indicated that Plaintiff's heart function/strength was normal and that it was very unlikely that Plaintiff's complaints of shortness of breath are related to her heart or hypertension. According to Dr. Williams, it was more likely a problem with deconditioning. [R. 416]. The Court finds that by limiting Plaintiff to performing sedentary work, the ALJ took into account the effects of Plaintiff's obesity on her conditions. Further, sedentary work is consistent with the findings of the consultative examiner who found Plaintiff to have essentially normal range of movement and who observed her to walk without difficulty. [R. 260-265].

## Credibility

Credibility determinations made by an ALJ are generally treated as binding upon review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). The Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility in determining whether the claimant suffers from disabling pain. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986). The ALJ related Plaintiff's specific complaints to contradictory entries in the medical record. [R. 333]. He also accurately outlined some of Plaintiff's activities noting that they are inconsistent with disability. *Id.* The Court rejects Plaintiff's argument that these activities are too minimal for the ALJ to rely upon. The record contains other statements of Plaintiff's activities which the ALJ did not list, but which also support his conclusion.

On a Supplemental Disability Outline form she completed Plaintiff related she sews and quilts a couple of hours a night in addition to watching television. [R. 114]. She also goes to church and visits relatives two or three hours weekly as well as attends football games and school activities related to her daughter's participation in the school marching

band. [R. 115]. In addition, Plaintiff testified she worked as a church secretary four hours a day for three days a week during the relevant time frame for six months ending in March 1999. [R. 429]. Although that work was not full-time, it reflects far greater abilities than Plaintiff alleges she possesses. The Court also notes that job ended, not because Plaintiff could not perform it, but because the church began to use volunteers to do the job. *Id.*

Because the ALJ properly linked his credibility finding to the record, the Court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determinations. *James v. Chater,* 96 F.3d 1341, 1342 (10th Cir. 1996) (witness credibility is province of Commissioner whose judgment is entitled to considerable deference).

### Return to Past Relevant Work

Plaintiff argues that the case should be remanded because the ALJ failed to follow the analysis required at Step Four of the evaluative sequence to determine whether a claimant can return to past relevant work. *Henrie v. U.S. Dept of Health and Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993)(outlining analytical steps to proper step four determination). Since any error made at step four is cured by an appropriate alternative finding at step five, the Court will omit any discussion of step four and proceed to step five.

### Step Five Determination

Plaintiff argues that the ALJ erred in accepting the vocational expert's testimony that in her past relevant work Plaintiff acquired skills transferable "to all kinds of clerical work, data entry, filing, record keeping." [R. 456]. Plaintiff argues that the evidence does not demonstrate that she performed past relevant work as a church secretary or receptionist to acquire these skills. Plaintiff's argument overlooks her performance of the job of an

inventory clerk for a paper manufacturer from September 1990 to May 1995, her work for Manpower doing office work and data entry from November 1995 to October 1996 and her office and phone work for a burial vault company from October 1996 to September 1997 [R. 120]. On the Work History Report Plaintiff completed, [R. 120-127], she stated that in her job as an inventory clerk she "used computer to ship and control inventory." [R. 122]. For Manpower she "did various office jobs" which entailed "sitting at computer for long periods of time – writing reports." [R. 123]. For the burial vault company Plaintiff said she "used telephone and computer to take and enter orders and later billing at end of month – accounts payable." [R. 124]. The vocational expert testified she reviewed Plaintiff's vocational history in the record. [R. 454]. Plaintiff's description of her former work provides ample evidence to support the vocational expert's conclusion that Plaintiff acquired skills transferable to "all kinds of clerical work, data entry, filing, record keeping." [R. 456].

Plaintiff claims that the hypothetical question posed to the vocational expert was infirm in that it failed to include all of her limitations. *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991) provides that "testimony elicited by hypothetical questions that do not relate with precision all the claimants' impairments cannot constitute substantial evidence to support the Secretary's decision." However, in posing a hypothetical question, an ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. See *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). The Court rejects Plaintiff's contention that the ALJ's failed to include all of her impairments.

The restrictions expressed by the ALJ in the hypothetical posed to the vocational expert and upon which the disability determination is based, are supported by substantial evidence. Accordingly, the Court finds that the ALJ's hypothetical questions to the

vocational expert and his reliance upon the vocational expert's testimony in his decision were proper and in accordance with established legal standards.

## CONCLUSION

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 13th day of February, 2007.

*[signature: Frank H. McCarthy]*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE