**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

PEGGY L. HAMBY,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner,
Social Security Administration,

    Defendant.

Case No. 05-CV-609-FHM

**OPINION AND ORDER**

Plaintiff's Motion for Award of Attorney Fees and Expenses Under the Equal Access to Justice Act [Dkt. 37] is before the undersigned United States Magistrate Judge for decision. The Motion is GRANTED as provided herein.

Plaintiff seeks an award of attorney fees in the total amount of $16,422.50 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 for the legal fees and expenses incurred in federal court. The Commissioner requests that the fee request be denied in its entirety on the basis that the government's position was substantially justified. Alternatively, the Commissioner argues that the fee request is excessive.

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires the United States to pay attorney fees and expenses to a "prevailing party" unless the Court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d). The United States bears the burden of proving that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

In *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court defined "substantially justified" as "justified in substance or in

the main--that is, justified to a degree that could satisfy a reasonable person." "Substantially justified" is more than "merely undeserving of sanctions for frivolousness." *Id.* A position may be substantially justified even though it was not supported by substantial evidence. If this were not the case, there would be "an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988). Reasoning that such an automatic award of fees under the EAJA would be contrary to the intent of Congress, the Tenth Circuit has adopted the majority rule "that a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Id.* at 1267. In evaluating whether the government's position was substantially justified, the focus is on the issue that led to remand, rather than the ultimate issue of disability. *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995). Recently, the Tenth Circuit has clarified that once an EAJA application is filed, the government must justify both its position in any underlying administrative proceedings and in any subsequent court litigation. *Hackett v. Barnhart*, 475 F.3d 1166, 1170 (10th Cir. 2007). Therefore, fees should generally be awarded where the agency's underlying action was unreasonable even if the government advanced a reasonable litigation position. *Id.* at 1174, quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

Applying the foregoing to the instant case, based on the Tenth Circuit's findings, the undersigned must find that the underlying agency action was not substantially justified. On appeal, the Tenth Circuit determined that the ALJ committed legal error in failing to consider the consequences of some of Plaintiff's impairments in determining Plaintiff's residual functional capacity. [Dkt. 33, p. 9]. The Court also ruled that the ALJ applied

incorrect legal standards to his credibility finding. *Id.* at 11. Based on these findings, the Court concludes that the Commissioner's position was not substantially justified at the agency level and therefore Plaintiff is entitled to an award of EAJA fees.

However, only "reasonable attorney fees" may be awarded under the EAJA. 28 U.S.C.§ 2412(d)(2)(A). The Court is required to examine the request to determine whether the fees requested are reasonable. Plaintiff bears the burden of proving that the requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court has reviewed the time records submitted and finds them to reflect a reasonable number of hours for counsel to have devoted to this case. The record was extensive and the case was complicated by having been previously appealed and remanded by the district court which factors justify the number of hours expended.

Plaintiff's Motion for Award of Attorney Fees and Expenses Under the Equal Access to Justice Act [Dkt. 37] is GRANTED. Plaintiff is awarded $16,422.50 under the EAJA. Pursuant to the Commissioner's usual practice, the check should be made payable to Plaintiff and mailed to counsel's address. *See Manning v. Astrue*, 510 F.3d 1246, 1254-55 (10th Cir. 2007)(the award of EAJA attorney's fees is to claimant and not to the attorney). If attorney fees are also awarded and received by counsel under 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

SO ORDERED this 29th day of July, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

3